Charles B. Hendricks
State Bar No. 09451050
Steven T. Holmes
State Bar No. 10335700
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7305
Fax: (214) 573-7399
Email: chuckh@chfirm.com
Email: sholmes@chfirm.com

Attorneys for James W. Cunningham, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In Re: | § § § | |
| THE NATIONAL CENTER FOR POLICY ANALYSIS, | § § § | Case No. 18-30453 |
| Debtor. | § § § | |
| JAMES W. CUNNINGHAM, CHAPTER 7 TRUSTEE FOR NATIONAL CENTER FOR POLICY ANALYSIS, | § § § § § | |
| Plaintiff, | § § | Adv. Proc. No. 20-03013 |
| v. | § § | |
| JAMES AMOS, JR., STEPHEN A. BATMAN, WILLIAM D. GROSS, RONALD S. IVY, DENNIS McCUISTION, JACKI PICK, REAGAN STEWART, ALLEN B. WEST, and MICHAEL L. WHALEN, | § § § § § § § | |
| Defendants. | § § | |

**MOTION FOR APPROVAL OF COMPROMISE
AND SETTLEMENT AGREEMENT UNDER RULE 9019**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75202 BEFORE CLOSE OF BUSINESS ON <u>JUNE 5, 2020</u> WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

James W. Cunningham, the Chapter 7 Trustee in the above styled and numbered bankruptcy case (the "**Trustee**"), and the Plaintiff in the above-referenced Adversary Proceeding, files this *Motion for Approval of Compromise and Settlement Agreement Under Rule 9019* (the "**Motion**"), pursuant to Bankruptcy Rules 2002(a)(3) and 9019, and in support of same, would respectfully show the Court as follows:

### JURISDICTION & VENUE

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). This Motion involves the settlement and compromise of certain claims and assets of the above-captioned bankruptcy estate and is therefore a core proceeding under 28 U.S.C. § 152(b)(1), (b)(2)(A), (B), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2. On February 7, 2018, the Debtor filed its Chapter 7 Petition. James W. Cunningham was appointed Chapter 7 Trustee. On June 21, 2018, the Debtor's bankruptcy case was closed following the Trustee's Report of No Distribution. On January 30, 2020, this Court entered an *Order on Motion of Jacki Pick, James Amos, Jr., Ronald S. Ivey, and Michael L. Whalen to Reopen Case* [Docket No. 31] (the "Order") reopening the Debtor's bankruptcy case.

3.  On February 3, 2020, James Amos, Jr., Stephen A. Batman, William D. Gross, Ronald S. Ivy, Dennis McCuistion, Jacki Pick, and Michael L. Whalen (together with Reagan Stewart[1], collectively, "**Defendants**") filed a Notice of Removal to remove the litigation styled *Richard W. Walker v. Ronald S. Ivy, et al.*, Cause No. DC-19-16781, in the 44th Judicial District Court of Dallas County, Texas. In that case, Richard W. Walker, individually and on behalf of the Debtor (the "**Plaintiff**") filed suit to enforce claims for breach of fiduciary duties (the "**Claims**") against the above captioned Defendants. Defendants are each former board members, directors, and/or officers of the pre-petition Debtor.

4.  The filing of the Notice of Removal initiated the captioned adversary proceeding (the "**Adversary**"), and the Claims asserted therein. The Claims are now property of this bankruptcy estate, as recognized by this Court's Order.

5.  On March 5, 2020, the Trustee was substituted in as the only plaintiff in the Lawsuit. Defendants deny the allegations made against them in the Adversary and Defendants have filed two separate Motions to Dismiss the Adversary [Docket Nos. 7 and 8], which remain pending before this Court.

**FACTS AND SETTLEMENT TERMS**

6.  As potential bona fide disputes and controversies exist between the Trustee and Defendants, the parties have determined that it is in their mutual best interests to eliminate the expense and risk involved with contested litigation. Defendants have therefore agreed to a settlement with the Trustee which will settle all disputed and contested issues between the Trustee and the identified Defendants.

---

[1] Mr. Stewart was not identified as a defendant in the Notice of Removal; however, he is a settling party under the proposed Settlement Agreement.

7. In summary, as set forth in the Settlement Agreement attached as Exhibit A (the "**Agreement**"), the Trustee has agreed, subject to Bankruptcy Court approval, to accept a cumulative total of $65,000.00 (the "**Settlement Amount**"), disallowance of any Proofs of Claim filed by or on behalf of Defendants, together with Defendants' waiver of any other claims, claim priorities, expenses and amounts, in satisfaction of the Claims asserted against them. The Settlement Amount shall be payable as $8,000.00 from each of Defendants William D. Gross and Dennis McCuistion and $8,166.67 from each of the remaining Defendants.

8. Despite repeated invitations from counsel, Allen B. West elected not to participate in the settlement negotiations or Agreement. Accordingly, Allen B. West is a non-settling party, and any and all Claims asserted against him in the Adversary are excluded from the Agreement and remain property of the bankruptcy estate.

## RELIEF REQUESTED AND SUPPORTING AUTHORITY

9. Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise and settlement."

10. Although no specific standards for approval of a compromise and settlement are outlined in the Bankruptcy Code or Rules, the Supreme Court established guidelines for courts in reviewing settlements in the context of a bankruptcy case in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). Courts should consider the following factors in considering whether to approve a proposed settlement: (a) the complexity and expense of the potential litigation; (b) the delay to the administration of the estate associated with fully litigating the contested issues; (c) the probability of success in complete resolution of the disputed issues; and (d) the final outcome and the best interest of creditors. The Fifth Circuit adopted these factors in *American Can Co. v. Herpel (In re Jackson Brewing Company)*, 624 F.2d 605, 607 (5th Cir. 1980). *See also, United States*

*v. Aweco, Inc. (In re Aweco, Inc.)*, 725 F.2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

11. The Trustee has reviewed the Settlement Agreement in light of the foregoing Settlement Factors and believes and is of the opinion that in making the Settlement Agreement he has considered all of the Settlement Factors, believes and is of the opinion that the Settlement Agreement is fair and equitable, and believes and is of the opinion that it is in the best interests of the bankruptcy estate, the estate's creditors, and all parties-in-interest for this Court to approve the Settlement Agreement. More specifically, approval of the Agreement would liquidate disputed Claims without further expenses of litigation; bring $65,000 immediately into this estate; and allow the Trustee to pay costs of administration, together with some anticipated distribution to holders of allowed claims against the bankruptcy estate.

12. Additionally, the Trustee believes and is of the opinion that the Settlement Agreement meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco*, as well as Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, James W. Cunningham, respectfully requests that the Court enter its order, in the form attached hereto, (i) approving the Settlement Agreement in all respects; (ii) authorizing the Trustee and Defendants to take all actions that are, in the opinion of the parties, reasonably necessary to effectuate the Settlement Agreement, and (iii) granting the Trustee such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Steven T. Holmes*
Charles B. Hendricks
State Bar No. 09451050
Steven T. Holmes
State Bar No. 10335700
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: chuckh@chfirm.com
Email: sholmes@chfirm.com

Attorneys for James W. Cunningham, Chapter 7 Trustee