## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In Re:<br><br>NATIONAL CENTER FOR POLICY ANALYSIS,<br><br>Debtor. | § § § § § § § § | Case No. 18-30453 |
| KEVIN BUCHANAN, as Appointed Receiver of NATIONAL CENTER FOR POLICY ANALYSIS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES AMOS, JR., STEPHEN A. BATMAN, WILLIAM D. GROSS, RONALD S. IVY, DENNIS McGUISTION, JACKI PICK, REAGAN STEWART, ALLEN B. WEST, AND MICHAEL L. WHALEN,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | Adv. Proc. No. 20-03013 |

## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AGREEMENT UNDER RULE 9019

On this day, came on for consideration the *Motion for Approval of Compromise and*

*Settlement Agreement* [Docket No. ___] (the "Motion"), filed on May 15, 2020 by James W. Cunningham as Chapter 7 Trustee (the "*Trustee*") in the above-captioned bankruptcy case.

The Court having considered the Motion and the settlement agreement (the "Settlement Agreement") described therein, finds that:

1. This Court has subject matter jurisdiction of the matter and that this is a core proceeding;

2. The Settlement Agreement described in the Motion and attached thereto as Exhibit A is by and between the Trustee, as movant, and James Amos, Jr., Stephen A. Batman, William D. Gross, Ronald S. Ivy, Dennis McCuistion, Jacki Pick, Reagan Stewart, and Michael L. Whalen (collectively, the "*Defendants*");

3. At least 21 days have passed since the date of filing and service of notice of the Motion, and no objection, response, or request for a hearing has been timely filed or requested by any party-in-interest as required by and in accordance with Local Bankruptcy Rules 9007-1 (c) and (g);

4. The foregoing described Settlement Agreement is fair and equitable and represents the exercise of reasonable business judgment by the Trustee;

5. The legal factors and requirements pertaining to the approval of the Settlement Agreement have been met;

6. This Court's approval of the Settlement Agreement is in the best interests of the estate, the consolidated estate's creditors, and all parties-in-interest;

7. The Motion should be granted, and the Settlement Agreement should be approved. It is therefore,

**ORDERED**, that the Motion be and hereby is **GRANTED**;

It is further, **ORDERED**, that the Trustee's Settlement Agreement with the Defendants be and is hereby **APPROVED** in all things;

It is further, **ORDERED**, that the parties to the Settlement Agreement are hereby authorized and directed to take such actions as are reasonably necessary to consummate the Settlement Agreement.

### ### END OF ORDER ###